## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TELLY SAVLAES AMBROSE**                         **CIVIL ACTION**

**VERSUS**                                         **NUMBER: 22-1876**

**JEFFERSON PARISH DETENTION CENTER, ET AL.**      **SECTION: "R"(5)**

## REPORT AND RECOMMENDATION

On July 12, 2022, Plaintiff Telly Savlaes Ambrose filed this lawsuit under 42 U.S.C. § 1983, naming as Defendants the Jefferson Parish Detention Center, Jefferson Parish Medical Direct Health, Sheriff Joseph P. Lopinto, III, and Chief Sue Ellen Monfra. (Rec. doc. 3). Plaintiff alleges that he "was beat up and assaulted by Sheriff's Deputy's [sic] and [his] toe got broken by Sheriff's Deputy's [sic]." (*Id.* at p. 2). This Court granted Plaintiff pauper status on July 18, 2022. (Rec. doc. 6).

Pursuant to 28 U.S.C. § 1915(e)(2), § 1915A, and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. *Woods v. St. Tammany Par. Jail*, No. CV 19-12469, 2020 WL 4926964, at *2 (E.D. La. July 14, 2020), *report and recommendation adopted*, No. CV 19-12469, 2020 WL 4923736 (E.D. La. Aug. 21, 2020).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an

indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether Plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

Plaintiff named the Jefferson Parish Detention Center as a Defendant because that is where he was housed when the sheriff's deputies allegedly beat him and broke his toe. However, the jail itself is not a proper Defendant, and the claims against it must be dismissed as frivolous.

Section 1983 imposes liability on any "person" who violates an individual's constitutional rights under color of law. 42 U.S.C. § 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Under federal law, a county or parish prison facility simply is not recognized as a "person" within the meaning of the statute. *Woods*, 2020 WL 4926964, at *2; *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973)); *Cullen v. DuPage Cty.*, No. 99-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester Cty. Corr. Facility Admin.*, No. 97-0420, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw Cty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

In addition, a parish prison is not a proper defendant because it lacks capacity to sue or be sued as required by Fed. R. Civ. P. 17(b). An entity's capacity to be sued is determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Although the Louisiana courts have not ruled on the issue of whether a parish jail is a suable entity, this Court must look to Louisiana law to determine if a jail can itself be sued. To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. In Louisiana, jail facilities are not "legally empowered to do" anything independently of either the respective parish officials or the parish sheriff. *See Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994).

This Court has also held that "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas*, 567 F. Supp. 2d at 892. In other words, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also Kerr v. Orleans Parish Sheriff's Office Prison*, No. 15-0746, 2015 WL 4755174 (E.D. La. Aug. 10, 2015).

For these reasons, the Jefferson Parish Detention Center is not a person or suable entity to be held liable under Section 1983. The claims against the Jefferson Parish Detention Center are frivolous and otherwise fail to state a claim for which relief can be

granted and should be dismissed with prejudice pursuant to 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Section 1983 claims against the Jefferson Parish Detention Center be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 2nd day of March, 2023.

MICHAEL B. NORTH
**UNITED STATES MAGISTRATE JUDGE**