UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TELLY SAVLAES AMBROSE**                         **CIVIL ACTION**

**VERSUS**                                        **NUMBER: 22-1876**

**JEFFERSON PARISH DETENTION CENTER, ET AL.**     **SECTION: "R" (5)**

### PARTIAL REPORT AND RECOMMENDATION

On July 12, 2022, Plaintiff Telly Savlaes Ambrose filed this lawsuit against Defendants Jefferson Parish Detention Center,[1] Jefferson Parish Medical Direct Health, Joseph P. Lopinto, III, and Sue Ellen Monfra.  (Rec. doc. 3).  On September 23, 2022, all four summons were returned executed by the four Defendants, including Jefferson Parish Medical Direct Health, requiring an answer by September 29, 2022.  (Rec. doc. 9-1).   The Jefferson Parish Detention Center accepted service on behalf of Jefferson Parish Medical Direct Health.  (*Id.*).  On January 26, 2023, this Court ordered Defendants to respond to Plaintiff's complaint.  (Rec. doc. 10).  Lopinto and Monfra responded (rec. doc. 13), but Jefferson Parish Medical Direct Health did not.  It appears that "Jefferson Parish Medical Direct Health" is not a properly-named medical entity at the Jefferson Parish Detention Center.  Accordingly, on June 8, 2023, this Court ordered Plaintiff to amend his complaint to correctly name the correct medical entity at the Jefferson Parish Detention Center no later than June 30, 2023.  (Rec. doc. 17).  **Plaintiff failed to respond to that order** despite the Court's warning that failure to do so would result in the dismissal of this entity for failure to prosecute under Federal Rule of Civil Procedure 4(m).

---

[1] The Jefferson Parish Detention Center has since been dismissed from the lawsuit.  (Rec. docs. 15, 16).

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit.[2] Therefore, he is entitled to have service effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). That fact, however, does not relieve Plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and *attempt to remedy any apparent service defects of which a plaintiff has knowledge.*" *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis*. *Id.*

More than 90 days have elapsed since this lawsuit was filed. Despite the passage of that extensive period of time, Plaintiff has not provided this Court or the United States Marshal with the information necessary to effect proper service on "Jefferson Parish Medical Direct Health." The Court gave Plaintiff notice of the fact that "Jefferson Parish Medical Direct Health" was not properly served, as well as an opportunity to cure that defect. Nevertheless, Plaintiff has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve "Jefferson Parish Direct Medical Health" results not from the actions or

---

[2] Rec. doc. 6.

inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of Plaintiff.

Despite being given express notice that his claims against "Jefferson Parish Medical Direct Health" would be dismissed unless Plaintiff provided the required information or showed good cause for failing to do so, Plaintiff failed to respond to the Court's notice. Accordingly, this Court finds that dismissal of those claims against this Defendant is now appropriate. *See, e.g., Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009); *Pines v. St. Tammany Par. Prison*, Civ. A. No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009).

## RECOMMENDATION

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's claims against "Jefferson Parish Medical Direct Health" be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __7th__ day of _____July_____, 2023.

                                                   **MICHAEL B. NORTH**
                                       **UNITED STATES MAGISTRATE JUDGE**